1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FRED ZINSER,

                Plaintiff

v.

DANIEL DAWSON, et al.,

                Defendants

Case No. 2:15-cv-01459-JAD-VCF

**Order Screening Amended Complaint and Denying Motion to Add Pages**

[ECF 1, 2]

      Nevada state prisoner Fred Zinser sues the Nevada Department of Corrections (NDOC) and several prison officials and employees for a myriad of civil-rights violations under 42 U.S.C. § 1983.[1] Zinser has also submitted an application to proceed *in forma pauperis* and a motion to add pages.[2]  I temporarily defer the IFP application, screen the amended complaint under the Prison Litigation Reform Act (PLRA),[3] and deny the motion to add pages as moot.[4]  Having screened his complaint under the PLRA, I dismiss some claims with prejudice and give Zinser until February 25, 2016, to amend others if he can plead true facts to cure their deficiencies.

**Discussion**

**A.**     **Screening Standard**

      The PLRA requires federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental

---

[1] Zinser submitted a complaint with his application.  ECF 1. This complaint is no longer operative.

[2] ECF 1, 2.  Because Zinser's amended complaint was submitted after his motion to add pages, I deny the motion to add pages as moot.

[3] 28 U.S.C. § 1915A.

[4] ECF 2.

entity.[5]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[6]  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[7]  Pro se pleadings, however, must be liberally construed.[8]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[9]

**B.    Screening of Zinser's Amended Complaint**

Zinser sues multiple defendants for events that allegedly took place while he was incarcerated at Nevada's High Desert State Prison (HDSP).[10]  He sues correctional officer Daniel Dawson, Lieutenant Bean, a John Doe nurse, John Doe correctional officer #1, and John Doe correctional officer #2.[11]  Zinser alleges ten counts and seeks monetary and injunctive relief.[12]

---

[5] *See* 28 U.S.C. § 1915(a).

[6] *See* 28 U.S.C. § 1915A(b)(1)(2).

[7] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[10] ECF 3 at 1.

[11] *Id.*

[12] *Id.* at 25, 28.

Page 2 of 10

Zinser alleges the following: On September 28, 2013, he was attacked by another inmate.[13] Twenty minutes later, John Doe nurse gave Zinser a brief visual inspection and told defendants Dawson, Bean, and John Doe correctional officer #1 that Zinser was ok and that he did not need medical treatment.[14]  Defendant Bean then told Zinser that he needed to move to a new unit and ordered him push a laundry cart with his property to his new unit.[15]  Zinser attempted to comply, but was unable to due to his injury and he fell repeatedly.[16]

Defendant Bean directed defendants Dawson and John Doe correctional officer #1 to handcuff Zinser and drag him to his new unit.[17]  After dragging Zinser several feet, defendant Dawson uncuffed Zinser and bent his hand to cause him pain and force him to stand.[18]  Zinser alleges that he begged for medical care, but defendants refused.[19]  The defendants allegedly continued to handcuff and drag Zinser towards the new unit, where he was left in his own urine on the floor; he could not lift himself up to get onto his bunk.[20]

On October 4, 2013, Zinser's pleas for medical attention were answered: he was placed on a stretcher and taken to the infirmary, where an x-ray revealed that his left hip was broken.[21]  Zinser received hip replacement surgery two days later.[22]

Zinser alleges violations of his Eighth Amendment rights.

---

[13] *Id.* at 4.

[14] *Id.*

[15] *Id.* at 5.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 6.

[19] *Id.*

[20] *Id.* at 7.

[21] *Id.* at 8.

[22] *Id.*

1

**1.     Count I: Excessive Force**

2      Zinser claims that defendants violated his Eighth Amendment right to be free from excessive

3   force.  "[W]henever prison officials stand accused of using excessive force in violation of the

4   [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort

5   to maintain or restore discipline, or maliciously and sadistically to cause harm."[23]  The Eighth

6   Amendment's prohibition of "cruel and unusual" punishments, however, "necessarily excludes from

7   constitutional recognition *de minimis* uses of physical force, provided that the use of force is not the

8   sort "'repugnant to the conscience of mankind.'"[24]

9      Zinser alleges that defendants Dawson and John Doe correctional officer #1 used excessive

10  force when they handcuffed him and dragged him across cement towards a new unit,[25] and that

11  defendant Dawson used excessive force when he bent Zinser's hand backwards.[26]  Zinser also alleges

12  that defendant Bean directed the actions of defendants Dawson and John Doe correctional officer #1.

13      But Zinser also alleges that he was examined by a nurse who told defendants Bean, Dawson,

14  and John Doe correctional officer #1 that Zinser had no significant injury.[27]  It follows, then, that

15  defendants Bean, Dawson, and John Doe correctional officer # 1 were unaware that Zinser could not

16  walk.  Zinser offers no facts to show that defendants used force maliciously and sadistically to cause

17  harm, rather than to maintain or restore discipline.[28]  The defendants, unaware of Zinser's injury,

18  ordered him to move to a new unit; when he did not comply, they moved him forcibly.  Zinser has

19  not alleged the defendants had any reason to doubt the legitimacy of the nurse's diagnosis, other than

20

21  _____

[23] *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

22
23  [24] *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

24  [25] ECF 3.

25  [26] *Id.*

26  [27] *Id.* at 4.

27  [28] *Id.*

28

1    his own protests.  "It is obduracy and wantonness, not inadvertence or error in good faith, that

2    characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ."[29]  Ziner has

3    alleged no conduct by these defendants that states an Eighth Amendment excessive-force claim.

4    Accordingly, Zinser's excessive-force claim against defendants Bean, Dawson, and John Doe

5    correctional officer #1 is dismissed without prejudice, with leave to amend.

6          **2.        Count II: Intentional Infliction of Pain**

7          Zinser's count II is duplicative of count I, alleging the use of excessive force.  This claim is

8    dismissed as duplicative.

9          **3.        Count III: Deliberate Indifference-Failure to Protect**

10         Zinser alleges defendants Bean, Dawson, and John Doe correctional officers #1 and #2 failed

11   to protect him from physical abuse from another inmate.[30]  Zinser alleges John Doe correctional

12   officer #2 was working in the control booth and inadvertently allowed an unknown inmate to enter

13   Zinser's cell and batter him.[31]

14         "Prison officials have a duty to take reasonable steps to protect inmates from physical

15   abuse."[32]  To establish a violation of this duty, the prisoner must demonstrate that prison officials

16   were "deliberately indifferen[t]" to serious threats to [his] safety[33] by showing that "the official[s]

17   [knew] of and disregard[ed] an excessive risk to [his] safety."[34]  This showing involves subjective

18   and objective components: "the official must both be aware of facts from which the inference could

19   be drawn that a substantial risk of serious harm exists, and [the official] must also draw the

20

21   _____

22   [29] *Whitley*, 475 U.S. at 319.

23   [30] ECF 3 at 11.

24   [31] *Id.*

25   [32] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).

26   [33] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

27   [34] *Id.* at 837.

28                              Page 5 of 10

1    inference."[35]

2        Zinser has not alleged that defendant John Doe correctional officer #2 knew of and

3    disregarded an excessive risk to his safety.  Nor has Zinser alleged that defendants Bean, Dawson,

4    and John Doe correctional officer #2 permitted another inmate to enter his cell.  Zinser has not stated

5    a plausible claim for deliberate indifference.  Accordingly, Zinser's claim that defendants Bean,

6    Dawson, and John Doe correctional officers #1 and #2 were deliberately indifferent to a risk to his

7    safety is dismissed without prejudice, with leave to amend.

8        **4.    Count IV: Negligence**

9        Zinser's count IV is entirely duplicative of count III: he again alleges a failure to protect.

10   Accordingly, count IV is dismissed as duplicative.

11       **5.    Count V: Cruel and Unusual Punishment**

12       Zinser's count V is a restatement of the facts of his other counts with no new theory of a

13   Constitutional deprivation.  Zinser's count V is dismissed because it states no claim for relief.

14       **6.    Count VI: Deliberate Indifference to Zinser's Serious Medical Needs**

15       In count VI, Zinser alleges defendants Bean, Dawson, John Doe correctional officer #1, and

16   John Doe nurse were deliberately indifferent to his serious medical need.[36]  Zinser asserts that John

17   Doe nurse was deliberately indifferent for failing to discover his injuries and that defendants Bean,

18   Dawson, and John Doe correctional officer #1 were deliberately indifferent for ignoring his pleas for

19   further medical attention.

20       Deliberate indifference is satisfied by showing "(a) a purposeful act or failure to respond to a

21   prisoner's pain or possible medical need and (b) harm caused by the indifference."[37]  Indifference

22   "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it

23

24   _____

25   [35] *Id.*

26   [36] ECF 3 at 17.

27   [37] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

28                    Page 6 of 10

1    may be shown by the way in which prison physicians provide medical care."[38]

2    Zinser has not pled facts that suggest that defendants Bean, Dawson, or John Doe

3    correctional officer #1 denied, delayed, or intentionally interfered with his medical treatment: a nurse

4    was summoned who examined Zinser and diagnosed that no further treatment was needed.  Zinser

5    cannot demonstrate deliberate indifference on the part of these individuals for relying upon the

6    diagnosis of a medical professional, so this claim is dismissed.  The dismissal is with prejudice as to

7    defendants Bean, Dawson, and John Doe correctional officer #1 because amendment would be futile.

8    Zinser also alleges that defendant John Doe nurse was deliberately indifferent for failing to

9    recognize that his hip was broken.[39]  "[A] complaint that a physician has been negligent in

10   diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

11   the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

12   because the victim is a prisoner."[40]  Because, as a matter of law, mere negligence is not sufficient to

13   establish liability,[41]  this claim is also dismissed with prejudice against defendant John Doe nurse.

14        **7.    Count VII: Negligence to Serious Medical Needs**

15   In Count VII, Zinser restates the facts of count VI and asserts a negligence claim, which is

16   not sufficient to establish § 1983 liability.[42]  Zinser's count VII is dismissed with prejudice because

17   amendment would be futile.

18        **8.    Count VIII: Failure to Summon Adequate Medical Care**

19   Zinser's count VIII is a restatement of the facts of count VI.  Zinser cannot demonstrate that

20   defendants denied, delayed, or intentionally interfered with his treatment became a nurse examined

21   him and determined that no treatment was necessary.  Accordingly, this count is dismissed with

22

23   [38] *Id.* (citation omitted).

24   [39] ECF 3 at 17.

25   [40] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

26   [41] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

27   [42] *Farmer*, 511 U.S. at 835.

28

1  prejudice because amendment would be futile.

2        **9.    Count IX: Negligence for Failure to Summon Adequate Medical Care**

3       Zinser's count IX is a restatement of the facts of count VI.  Zinser asserts that defendants

4  were negligent for failing to summon adequate medical care.  Mere negligence is not sufficient to

5  establish liability for deliberate indifference.[43]  For that reason, Zinser's count IX is dismissed with

6  prejudice because amendment would be futile.

7        **10.    Count X: Intentional Infliction of Emotional Distress**

8       The law does not recognize a claim for intentional infliction of emotional distress under 42

9  U.S.C. § 1983.  Because Count X does not state a viable cause of action, it is dismissed with

10  prejudice.

11  **C.    Leave to Amend**

12       Zinser is granted leave to file an amended complaint to cure the two possibly curable

13  deficiencies I have found: (1) the absence of facts to support his Eighth Amendment excessive-force

14  claim against defendants Bean, Dawson, and John Doe correctional officer #1; and (2) the absence of

15  facts to support his Eighth Amendment failure-to-protect claim against defendants Bean, Dawson,

16  and John Doe correctional officers #1 and #2.  Zinser is advised that an amended complaint

17  supersedes the original complaint, so any amended complaint he files must be complete in itself.[44]  If

18  Zinser chooses to file an amended complaint to add true facts to support any of these two claims, he

19  must:

20        •    file the second amended complaint by **February 25, 2016**;

21        •    include all claims, defendants, and factual allegations that he wishes to pursue in this

22           lawsuit because anything left out will be deemed abandoned;

23  ———————————

24  [43] *Farmer*, 511 U.S. at 835.

25  [44] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)
26  (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended
pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.
27  2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such
claims in a subsequent amended complaint to preserve them for appeal).

28                          Page 8 of 10

1       •    file the second amended complaint on this court's approved prisoner-civil-rights form

2             and write the words "Second Amended" above the words "Civil Rights Complaint" in

3             the form's caption; and

4       •    <u>not</u> include in the second amended complaint any claim or defendant that has been

5             dismissed with prejudice in the "Conclusion" section of this order.

6       As a general rule, the use of a "Doe" pleading to identify a defendant is not favored.[45]

7 However, I recognize that there are situations "where the identity of alleged defendants will not be

8 known prior to the filing of a complaint."[46]  In those situations, "the plaintiff should be given an

9 opportunity through discovery to identify the unknown defendants, unless it is clear that discovery

10 would not uncover the identities, or that the complaint would be dismissed on other grounds."[47]  To

11 the extent possible, Zinser should avoid the use of "Doe" pleadings in his second amended

12 complaint.

13       **If Zinser cannot—or chooses not to—file a second amended complaint to cure the**

14 **deficiencies in the claims identified above, this action will be dismissed in its entirety.**

15                               **Conclusion**

16       Accordingly, IT IS HEREBY ORDERED that a decision on plaintiff's application to proceed

17 *in forma pauperis* **[ECF 1] is deferred.**

18       IT IS FURTHER ORDERED that **plaintiff's claims for:**

19       •    **intentional infliction of pain;**

20       •    **negligence;**

21       •    **cruel and unusual punishment;**

22       •    **negligence to serious medical needs;**

23       •    **failure to summon adequate medical care;**

24

25 [45] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

26 [46] *Id.*

27 [47] *Id.*

28                             Page 9 of 10

1        •        **negligence for failure to summon adequate medical care; and**

2        •        **intentional infliction of emotional distress**

3  **are DISMISSED WITH PREJUDICE** because amendment would be futile;

4        IT IS FURTHER ORDERED that plaintiff's claims for:

5        •        **Eighth Amendment violation based on excessive force; and**

6        •        **Eighth Amendment violation based on failure to protect**

7  **are dismissed without prejudice; plaintiff has until February 25, 2016,** to file a second amended

8  complaint if he can cure the deficiencies identified in these claims while following the instructions

9  above.  **If plaintiff chooses not to file a second amended complaint by February 25, 2016, to**

10  **cure the deficiencies in these Eighth Amendment claims, this action will be dismissed in its**

11  **entirety.**

12        **The Clerk of the Court is directed to send plaintiff the approved form** for filing a § 1983

13  complaint, instructions for the same, **and a copy of his amended complaint [ECF 3].**

14        IT IS FURTHER ORDERED that plaintiff's motion to add pages **[ECF 2] is DENIED as**

15  **moot.**

16        DATED this 25th day of January, 2016.

17

18                                                        _____
                                                   Jennifer Dorsey
19                                                 United States District Judge

20

21

22

23

24

25

26

27

28                                    Page 10 of 10